```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
─────────────────────────────────

MS. VICKIE DIANNE BYRD,

                              Plaintiff,      **No. 6:17-cv-06178(MAT)**
                                                    **DECISION AND ORDER**
            -vs-

MAZZOLA INSURANCE CORP, MRS. LINDA
MARSHAL, Sales Rep.,

                              Defendants.

─────────────────────────────────

## I. Introduction

Proceeding pro se, Vickie Dianne Byrd ("Plaintiff") instituted this action by filing a complaint (Dkt #1) dated March 20, 2017, referencing alleged "violations of the U.S.C. #375 [sic]/U.S.C. #110 [sic]/U.S.C. #470 [sic]/U.S.C. #190 [sic]" against "Mazzola Insurance Corp" ("Mazzola") and "Mrs. Linda Marshal, Sales Rep." ("Marshal") (collectively, "Defendants"). Before the Court is Plaintiff's motion to proceed in forma pauperis under 28 U.S.C. § 1915(a). The Court finds that Plaintiff's supporting affirmation sufficiently establishes her inability to pay for the prosecution of her case. Accordingly, Plaintiff's motion for in forma pauperis status (Dkt #2) is granted. The Court has also reviewed the complaint as required by 28 U.S.C. § 1915(e)(2) ("Section 1915(e)(2)"). As discussed below, Plaintiff has failed to state a cause of action for which relief may be granted. Because Plaintiff's purported claims against Defendants are substantive in

nature, and extend well beyond the mere insufficiency of her allegations, the Court declines to permit amendment of the complaint. Therefore, the complaint will be dismissed with prejudice.

## II. Screening of the Complaint under Section 1915(e)(2)

Under Section 1915(e)(2), the Court must conduct an initial screening of a pro se litigant's complaint and must it if it is "frivolous or malicious"; "fails to state a claim upon which relief may be granted"; or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" Montero v. Travis, 171 F.3d 757, 759 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

### A.   Federal Law Relied upon by Plaintiff

Here, as her first claim for relief, Plaintiff alleges "violations of the U.S.C. #375 [sic]/U.S.C. #110 [sic]/U.S.C. #470 [sic]/U.S.C. #190 [sic]" against Mazzola and Marshal. As her second claim for relief, Plaintiff again alleges "violations of the U.S.C. #375 [sic]/U.S.C. #110 [sic]/U.S.C. #470 [sic]/U.S.C. #190 [sic]," this time against Mazzola and an unnamed sales representative. Plaintiff's purported references to "the U.S.C." do not identify any actual sections of the United States Code,

however. In light of Plaintiff's allegations against Defendants, the Court has deduced that the numerals preceded by "#" represent various "Nature of Suit" codes used by the Court for classifying the types of claims raised in lawsuits. That is, "375" refers to "Other Statutes: False Claims Act"; "110" refers to "Insurance"; "470" refers to "Racketeer/Corrupt Organization"; and "190" refers to "Contract Other." However, there is no federal "breach of contract" or "breach of insurance policy" statute; rather, these causes of action generally are governed by state law. The Court accordingly has examined the complaint's allegations to determine if they state a claim under the Racketeering Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(a)-(d), and the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq.

    **1.   RICO**

"To establish a RICO claim, a plaintiff must show: '(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962.'" DeFalco v. Bernas, 244 F.3d 286, 305 (2d Cir. 2001) (quoting Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008); further quotation omitted). "Section 1962 of RICO outlaws (a) the use of income derived . . . from a pattern of racketeering activity to acquire an interest in, establish, or operate an enterprise engaged in or affecting interstate commerce; (b) the acquisition of any interest in or

control of such an enterprise through a pattern of racketeering activity; (c) the conduct or participation in the conduct of such an enterprise's affairs through a pattern of racketeering activity; and (d) conspiring to do any of the above." GICC Capital Corp. v. Technology Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995) (internal quotation marks omitted).

"Under any prong of § 1962, a plaintiff in a civil RICO suit must establish a 'pattern of racketeering activity.'" GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995) (quotation omitted). To withstand dismissal for failure to state a claim, this pattern of racketeering activity must be adequately alleged in the complaint. Spool, 520 F.3d at 183. To that end, a RICO plaintiff "must plead at least two predicate acts, see [18 U.S.C.] § 1961(5), and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity," GICC Capital Corp., 67 F.3d at 465 (citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989)).

As factual support for her first claim, Plaintiff alleges that on September 29, 2015, Marshal "sold her some insurance at a stated rate" and said that the "rate would go down after a 6-month period." However, Plaintiff asserts, the rate "did not go down as the contract stated," but instead "the rates stayed the same." (Dkt #1, p. 4 of 6). Plaintiff does not allege a second date or incident under the heading for the first claim for relief. Under

the second claim for relief, Plaintiff alleges that on August 18, 2016, a "sales representative [at] Mazzola Insurance [at] Main Office" "sold [her] some insurance [and] stated a price[,]" and said that at the end of 6 months, the rate would go down to a "new low rate." (Id.). However, the rate did not decrease after 6 months. (Id.).

The Court will assume that Plaintiff intends the above-referenced incidents that allegedly occurred on September 29, 2015, and August 18, 2016, to be the "predicate acts" required under RICO. However, "both the Supreme Court and Second Circuit have held that an allegation of two acts of 'racketeering activity,' without more, is not sufficient to establish a pattern." Spoto v. Herkimer Cty. Trust, No. 99-CV-1476, 2000 WL 533293, at *4 (N.D.N.Y. Apr. 27, 2000) (citing H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 238-44 (1989); United States v. Indelicato, 865 F.2d 1370, 1381 (2d Cir.) (en banc), cert. denied, 493 U.S. 811 (1989)). Despite this arguably fatal defect in the complaint, the Court, in light of Plaintiff's pro se status, will continue with the analysis of whether Plaintiff has fulfilled any of subsections (a) through (d) of Section 1962.

Section 1962(a) requires allegations "(1) that the defendant used or invested racketeering income to acquire or maintain an interest in the alleged enterprise, and (2) injury [to the plaintiff] by reason of defendants' investment of racketeering

income in an enterprise, as distinct from injury traceable simply to the predicate acts of racketeering alone or to the conduct of business of the enterprise." Moses v. Martin, 360 F. Supp.2d 533, 544 (S.D.N.Y. 2004) (internal quotation marks and citations omitted). Reading Plaintiff's allegations as broadly as possible, the Court infers that she is accusing Defendants of using the income derived from the policies sold to Plaintiff, either for Marshal's personal use or to benefit the company (Mazzola). Neither of these are sufficient. "Using funds for personal purposes . . . is not using or investing racketeering income to acquire or maintain an interest in the alleged enterprise." Id. "Nor are allegations of reinvestment of racketeering proceeds in the enterprise sufficient to make out a claim for Section 1962(a) purposes." Fischbein v. Sayers, No. 04 CIV. 6589 LTS AJP, 2009 WL 2170349, at *4 (S.D.N.Y. July 16, 2009) (citations omitted). Because Plaintiff does not plead any facts that could plausibly be relevant to, much less fulfill, the requirements of Section 1962(a), Plaintiff has failed to state a cause of action under this subsection.

To state a cause of action under Section 1962(b), a plaintiff "must allege an 'acquisition' injury, analogous to the 'use or investment injury' required under § 1962(a) to show injury by reason of a § 1962(b) violation." Discon, Inc. v. NYNEX Corp., 93 F.3d 1055, 1063 (2d Cir. 1996) (internal quotation marks and

citations omitted), vacated on other grounds, 525 U.S. 128 (1998). Here, Plaintiff does "not allege any injury arising from the acquisition or maintenance of an enterprise, but instead merely alleges injuries indistinct from those arising from the commission of alleged predicate acts." Fischbein, 2009 WL 2170349, at *5. Plaintiff has pled "no facts that would suggest, even under the broadest reading," that Defendants "participated in any activity to 'acquire an interest or maintain control of' an enterprise." Malester v. Adamo, No. 09 CIV.9347(GBD), 2010 WL 5065865, at *3 (S.D.N.Y. Dec. 8, 2010). Without a distinct "acquisition injury," Plaintiff cannot state a cause of action under Section 1962(b). Fischbein, 2009 WL 2170349, at *5 (citing Discon, 93 F.3d at 1063).

"[T]o establish a violation of 18 U.S.C. § 1962(c), a plaintiff must establish that a defendant, through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly participated in [the conduct of the business of] an enterprise, the activities of which affected interstate or foreign commerce." DeFalco, 244 F.3d at 306. "Liability under § 1962(c) requires a showing that each defendant employed by or associated with the enterprise 'conduct or participate, directly or indirectly, in the conduct of [the] enterprise's affairs[.]'" Goldfine v. Sichenzia, 118 F. Supp. 2d 392, 402 (S.D.N.Y. 2000) (quotation omitted). "[T]o conduct or participate, directly or indirectly, in the conduct of such

enterprise's affairs", § 1962(c), one must participate in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 185 (1993). Even assuming arguendo that Mazzola qualifies as an enterprise which is "separate and distinct from the alleged pattern of racketeering activity[,]" Black Radio Network, Inc. v. NYNEX Corp., 44 F. Supp.2d 565 at 580 (S.D.N.Y. 1999), Plaintiff has failed to make any allegations whatsoever that would satisfy Reve's "operation and management" test as to Marshal. See Goldfine, 118 F. Supp.2d at 403 ("[T]he mere fact that a defendant may have aided in the alleged scheme to defraud, even if that aid was intentional, does not give rise to liability under § 1962(c).") (citing Biofeedtrac, Inc. v. Kolinor Optical Enterprises & Consultants, S.R.L., 832 F. Supp. 585, 592 (E.D.N.Y. 1993)); see also Black Radio Network, Inc., 44 F. Supp.2d at 580 ("[T]he 'person' and the 'enterprise' must be distinct, that is, a corporate entity may not be both the enterprise and the person who conducts the affairs of the enterprise through racketeering. This distinctiveness requirement cannot be met merely by alleging that a RICO enterprise consists of a corporate defendant in association with its own employees who carry out the corporate defendant's regular affairs.") (internal and other citations omitted).

Finally, Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c)." 18 U.S.C. § 1962(d). Because Plaintiff has failed to state

a cause of action under Sections 1962(a), (b) or (c), any claim for a RICO conspiracy under Section 1962(d) cannot stand as a matter of law. Malester, 2010 WL 5065865, at *4 (citing Discon, Inc., 93 F.3d at 1064 ("Since we have held that the prior claims do not state a cause of action for substantive violations of RICO, the present claim does not set forth a conspiracy to commit such violations.") (citing Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under § 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.")); other citation omitted).

### 2.  The FCA

The FCA "is intended to recover damages from those who defraud the federal government," and it "imposes liability on those who knowingly present, or cause to be presented, false or fraudulent claims for payment, or knowingly make, use, or cause to be used, false records or statements to get false claims paid or approved." United States v. Empire Educ. Corp., 959 F. Supp.2d 248, 253 (N.D.N.Y. 2013) (citing 31 U.S.C. § 3729(a)(1)(A), (B)). Private persons, known as "relators," may file qui tam actions (i.e., actions on behalf of the government) based on alleged violations of Section 3729. See 31 U.S.C. § 3730(c)(3).

As an initial matter, it is clear that Plaintiff is not seeking to vindicate any rights belonging to any federal government

agency. Rather, she is seeking redress for injury caused by Defendants to *herself*. In any event, "[t]he law in this Circuit is clear that pro se litigants may not pursue qui tam actions under the False Claims Act." Palmer v. Fannie Mae, No. 14CV4083JFBAYS, 2016 WL 5338542, at *4 (E.D.N.Y. Sept. 23, 2016) (citing United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008)). Even if Plaintiff were seeking to vindicate a right belonging to a federal government agency, which she plainly is not, she could not maintain an FCA claim because is unrepresented. See id.

**III. Leave to Replead is Inappropriate**

Generally speaking, the law in this Circuit is that a district court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires."). Permitting amendment is not required, however, where "the problem with [the litigant's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d

129, 131 (2d Cir. 1993). In this instance, the deficiencies in Plaintiff's claims against Defendants are substantive in nature, and extend well beyond the insufficiency of her allegations, even when they "are construed with the utmost of special liberality[.]" Mercer v. Schneiderman, No. 1:11-CV-0490 GTS/DRH, 2011 WL 3652322, at *3 (N.D.N.Y. Aug. 18, 2011) (dismissing pro se complaint with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted, where, even "construed with the utmost of special liberality, the defects in [the plaintiff's] claims are substantive rather than merely formal, such that any amendment would be futile") (citations omitted).

For purposes of Section 1915(e)(2), "[a] claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citing Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995)). As discussed above, the FCA claim lacks an arguable basis in fact or law. Such is the case with the RICO claims, as well. Plaintiff is "simply 'attempt[ing] to dress a common law breach of contract. . .claim as a RICO claim[,]'" Goldfine, 118 F. Supp.2d at 405 (quoting Spoto, 2000 WL 533293, at *5), which is improper.

**IV.  Subject Matter Jurisdiction**

-11-

Lack of subject matter jurisdiction may be raised at any time, either <u>sua sponte</u> by the court, or by a party. <u>Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009). Indeed, it is a court's "obligation to raise the matter of subject matter jurisdiction '*whenever* it appears from the pleadings or otherwise that jurisdiction is lacking.'" <u>Id.</u> (quoting <u>John Birch Society v. National Broadcasting Co.</u>, 377 F.2d 194, 199 (2d Cir. 1967); emphasis in original). When a court finds that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. <u>Id.</u> (citing FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).

While federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States[],]" 28 U.S.C. § 1331, a lawsuit premised on state law "is not transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law." <u>Sullivan v. Am. Airlines, Inc.</u>, 424 F.3d 267, 271 (2d Cir. 2005). Thus, under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 12 (2003) (quoting <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987)).

Here, under the form complaint's heading, "Statement of Jurisdiction, Venue, and Nature of Suit," Plaintiff states that the case "presents a Federal question." (Dkt #1, p. 1 of 6). As discussed above, Plaintiff's purported causes of action under federal law have been found to lack an arguable basis in law or fact, and accordingly have been dismissed with prejudice. Despite a liberal reading of the complaint, Plaintiff's claims regarding Defendants' alleged fraudulent representations and breach of two insurance policies[1] are based solely on state common law or statutory law.[2] The Court may not exercise federal question jurisdiction over the complaint as currently pled. E.g., Adames v. Taju, 80 F. Supp.3d 465, 468 (E.D.N.Y. 2015).

Finally, the Court notes that the only other potential basis for subject matter jurisdiction—diversity jurisdiction—is lacking here. Diversity jurisdiction gives federal district courts jurisdiction over suits where the plaintiff and the defendant are of diverse citizenship. See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012) (stating that diversity jurisdiction exists "between, inter alia,

---

[1] There is no indication that the insurance policy at issue is subject to a federal statute, such as the Employee Retirement Income Security Act of 1974, §§ 3(1), 502(a), 29 U.S.C. §§ 1002(1), 1132(a), which would provide a basis for federal question jurisdiction.

[2] See, e.g., N.Y. INS. LAW § 4226 (prohibiting misrepresentations and misleading statements as to the terms and benefits of insurance contracts) (McKinney's 2017); N.Y. GEN. BUS. LAW §§ 349, 350 (prohibiting unfair and deceptive business practices).

'citizens of a State and citizens or subjects of a foreign state'") (quoting 28 U.S.C. § 1332(a)).  Here, however, Plaintiff's complaint indicates that she and Defendants are all New York domiciliaries, and therefore they are not of diverse citizenship. The Court accordingly has no basis on which to retain jurisdiction over Plaintiff's complaint. See, e.g., Adames v. Taju, 80 F. Supp.3d 465, 468 (E.D.N.Y. 2015) (court lacked diversity jurisdiction over state-law breach of contract claim by pro se litigant, where both parties resided in the same state).

**V.    Conclusion**

For the foregoing reasons, Plaintiff's motion for in pauperis status is granted, and Plaintiff's complaint is dismissed with prejudice, without leave to re-plead. The Clerk of Court is directed to close this case.

**SO ORDERED.**

**s/ Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   April 5, 2017
         Rochester, New York.